# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEPHANIE D. DALTON,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1745**  (BOR Appeal No. 2046095)
                    (Claim No. 2010115440)

**BROADDUS HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie D. Dalton, by Raymond A. Hinerman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Broaddus Hospital Association, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 7, 2011, in which the Board affirmed a June 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 29, 2011, decision denying Ms. Dalton's request for the prescriptive drugs Ultram, Lyrica, and Meloxicam. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 12, 2009, Ms. Dalton suffered an injury to her left elbow and shoulder during the course of her employment with Broaddus Hospital Association and her claim was held compensable. On July 23, 2010, Ms. Dalton was evaluated by Dr. Sethi, who found that she had reached the maximum degree of medical improvement and had exhausted all of the necessary treatment related to her compensable injury. Following this determination, Dr. Lynch, Ms. Dalton's treating physician, submitted a request for authorization for a three month supply of the prescriptive drugs Ultram, Lyrica, and Meloxicam. His request stated that the prescriptions were

medically necessary for pain control. On March 29, 2011, the claims administrator denied Dr. Lynch's request for authorization for the prescription drugs. The Office of Judges affirmed the claims administrator's decision on June 22, 2011, and the Board of Review affirmed the Office of Judges' Order on December 7, 2011, leading Ms. Dalton to appeal.

The Office of Judges concluded that a preponderance of the evidence did not establish the medical necessity or reasonableness of the requested prescription drugs. The Office of Judges found that Dr. Lynch requested authorization for the prescriptions but that he did not provide adequate documentation to reflect a direct causal connection between the requested prescriptions and Ms. Dalton's compensable injury. The Office of Judges noted that Ms. Dalton had reached the maximum degree of medical improvement and that Dr. Sethi found that she had exhausted all necessary treatment for her injury. The Office of Judges further noted that Dr. Sethi had not indicated that Ms. Dalton would need prescriptive maintenance drugs. Finally, the Office of Judges determined that Dr. Lynch's report was not persuasive and did not relate the requested medication to Ms. Dalton's compensable injury. The Board of Review adopted the Office of Judges' findings and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Ms. Dalton has not presented sufficient evidence to establish that the requested prescriptions are necessary and medically related to her compensable injury. Dr. Lynch's request did not provide adequate medical information to relate the prescriptions to Ms. Dalton's injury and Ms. Dalton has not provided any other medical evidence to support her request. Since there was insufficient evidence to reasonably and necessarily relate the prescriptions to the compensable injury, Ms. Dalton is not entitled to authorization for the requested prescriptions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

2